UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHELSEY YOUNG, ) | |
| ) | |
| Plaintiff, ) | 2:10-cv-0950-KJD-LRL |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| NEVADA PROFESSIONAL ) | |
| COLLECTIONS, ) | |
| ) | |
| Defendant. ) | |

Presently before the Court is Plaintiff's Motion to Alter or Amend Judgment (#14). Also before the Court is Defendant's Motion to Dismiss (#22). Plaintiff has filed an Opposition (#23).

## ANALYSIS

Plaintiff seeks to amend the default judgment granted in this matter on October 12, 2010, to add Bryant, Inc. as a Defendant subject to the judgment. Previously, Plaintiff requested that default judgment be entered against Defendant Nevada Professional Collections. Plaintiff's Motion for Default Judgment (#9) was heard October 12, 2010. At that hearing, Plaintiff represented that the correct legal name of Defendant was not previously available but had come to the attention of Plaintiff on October 8, 2010, following receipt of a Motion to Dismiss mailed to Plaintiff's counsel

1  by Bryant, Inc., and signed by Bryant's general manager, Amanda Robertson.  The motion had not
2  been filed with the Court as of that time, nor was Ms. Robertson authorized to practice law in the
3  Federal District of Nevada.
4        Based on an erroneous docket entry (#15), Plaintiff mistakenly believed that the Motion to
5  Amend had been granted on October 25, 2010.  However, the action of the Court on that date was
6  only to grant default judgment against Nevada Professional Collections.
7        On May 18, 2011, Defendant Nevada Professional Collections, filed its Motion to Dismiss
8  (#22).  The motion asserts that Defendant Nevada Professional Collections is a corporation.  The
9  motion is purportedly signed by Amanda Robertson, General Manager, Bryant, Inc., 10601 Grand
10  rd., Suite 214, Houston, Texas 770070.  However, as stated above, Ms. Robertson is not authorized
11  to practice law in the Federal District of Nevada.  There is no indication that she is admitted to
12  practice in any jurisdiction. Corporations must be represented by an attorney.  See Simon v. Hartford
13  Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008).  Accordingly, the Motion to Dismiss (#22) will be
14  stricken.
15        With respect to the Motion to Amend Judgment (#14), Plaintiff has not cited any Nevada
16  cases supporting amendment of judgment to add, as a party defendant, a person or entity which has
17  not been previously named or appeared in the litigation. The Ninth Circuit, in Levander v. Prober,
18  180 F.3d 1114 (1999), cited approvingly the holding of a California appellate court case, Triplett v.
19  Farmer's Ins. Exch., 24 Cal.App. 4th 1415, 1421, 29 Cal.Rptr.2d, 741 (1994). According to Triplett,
20  to amend a judgment, two requirements must usually be met: (1) that the new party be the alter-ego
21  of the old party and (2) that the new party had control of the litigation, thereby having had the
22  opportunity to litigate, in order to satisfy due process concerns." Triplett, supra.
23        In Nevada, the elements for finding alter ego, and which must be established by a
24  preponderance of the evidence, are: (1) the corporation must be influenced and governed by the
25  person asserted to be the alter ego; (2) there must be such unity of interest and ownership that one is
26

inseparable from the other; and (3) the facts must be such that adherence to the corporate fiction of a separate entity would, under the circumstances, sanction [a] fraud or promote injustice. Polaris Industrial Corp. v. Kaplan, 103 Nev. 598, 601, 747 P.2d 884, 886 (1987). The following factors, though not conclusive, may indicate the existence of an alter ego relationship: (1) commingling of funds; (2) undercapitalization; (3) unauthorized diversion of funds; (4) treatment of corporate assets as the individual's own; and (5) failure to observe corporate formalities. There is no litmus test for determining when the corporate fiction should be disregarded; the result depends on the circumstances of each case. Id. at 602, 747 P.2d at 887.

There is presently insufficient information before the Court upon which to make a finding of alter ego. That Amanda Robertson as general manger of Bryant, Inc. sent a motion to dismiss is not enough. Although the Motion to Dismiss (#22) states that Bryant, Inc. will file an answer and countersuit, such does not conclusively establish that Bryant is acting as the alter ego of Nevada Professional Collections, or vice versa. Bryant could as easily be a new assignee of the account creditor which formerly employed Nevada Professional Collections. Likewise, there is insufficient evidence before the Court to conclude that Bryant, Inc. has heretofore controlled the litigation, thereby having had an opportunity to litigate in order to satisfy due process concerns. Of additional concern for purposes of a due process analysis is that the Motion to Dismiss asserts that Nevada Professional Collections is a corporation and was never properly served with process.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#22) is **STRICKEN**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Alter or Amend Judgment (#14) is **DENIED**.

DATED this 22nd day of August 2011.

_____
Kent J. Dawson
United States District Judge